The opinion of the court was delivered by
Tod, J.
It appears to us that a writ of error, for error in fact only, lies not in this court in this case. It is settled by all the authorities, that matters of fact, when alleged for error, must be tried by jury, and not otherwise. The law has given us.no jury in this district; therefore, in our opinion, it has given us no jurisdiction in this case. Nothing can well be imagined more nugatory than to *344 affect an authority which must'exist only by the consent of. the party complained of. It certainly must be but a pretence of ju* risdiction which can be stopped by-the bare denial of the defendant. As soon as issue shall be taken upon the facts asserted by the plaintiffs, we are at a stand. To support the writ, the cases of Silver v. Shellback, (1 Dall 165,) and Moore v. M‘Ewen, (5 Serg. & Rawle, 373;) háve been.relied on. To be sure, the error alleged in those cases was error in fact only, and precisely such as here, viz., that the party complaining , being an infant, had appeared in the court below by attorney. But those cases arose in Philadelphia, where our system of jurisprudence gives this court a jury to try contested facts. There the court- took in' hand what'they had the means of completing. Here our jurisdiction can be effectual only in case the - party charged, shall think'fit to confess himself-in the wrong. We have no jury here; no venue for which they may be summoned; no names in the jury box for this court. To send the matter for trial to the Court of Common. Pleas, or'the District Court; would seeni to be without any precedent existing in this state, or any where else. The Circuit Court has been suggested as a fit place for the trial; but the acts- of assembly establishing that court, appear not to afford the semblance of authority for such removal,of the cause. That court is not an emanation from this. - It is not a Court -of Nisi Prius.' Its jurisdiction is defined by the acts of assembly, and there is no provision, express or implied, for removing a question on a writ of error pending here into the Circuit Court for trial.
Therefore, having no means, in this district, of deciding upon alleged errors of fact, we follow the authority of The Commonwealth v. Smith, (4 Binn. 117.) That case called much more strongly than the present for the interference of this court. A rule for an information, in the nature of a quo warranto, was applied for. There was no other possible.mode of redress known to the law.. The application was denied solely because this court, sitting, ■as it then was, but-of Philadelphia, had no power of summoning a jury, and because the defendant, merely by denying the facts, could put an end to the proceeding.
It has been made á question in the argument, whether a writ of error, coram nobis, lies in the District Court, oh in.the Court of Common Pleas. We do riot decide that question, nor can we; - it not being upon the record. We are of opinion that this writ of error, being for error in fact only, be quashed. ,